

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F St., N.E.
Washington, DC 20549-5041

**DIVISION OF
ENFORCEMENT**

Daniel Maher
Direct dial: (202) 551-4737
MaherD@sec.gov

September 14, 2018

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable Robert W. Sweet
District Judge
United States District Court, Room 18C
U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>SEC v. Villena et al.</u>, No. 18-cv-4309

Dear Judge Sweet:

    Plaintiff Securities and Exchange Commission ("SEC") submits this letter in response to the Court's June 21, 2018 Initial Pretrial Order (Dkt. No. 12) (the "Order"). In the Order, among other requirements, the Court stated that the "attorney appearing at the pretrial conference [scheduled for September 18, 2018] must be authorized to enter into a settlement agreement . . ." The SEC writes to explain why it is not practicable for someone with that precise role to attend on behalf of the SEC.

    The SEC consists of five Commissioners, appointed by the President with the advice and consent of the Senate. 15 U.S.C. § 78d(a). Only the Commissioners may authorize the commencement or settlement of a securities enforcement action. 15 U.S.C. § 78u(d)(1); 27 C.F.R. § 202.5(f) (stating that enforcement staff, "with appropriate authorization, may *discuss*" settlement and other matters) (emphasis added). Accordingly, the Commission normally requires its staff to negotiate a proposed settlement, prepare a detailed memorandum for review by the various Divisions of the SEC, and then present the proposal for consideration at one of the SEC's closed meetings – a process that normally requires more than a month to complete.

    Because of their daily involvement in other SEC business, it is not feasible for the Commissioners to attend dozens of settlement conferences each year in cases pending throughout the United States. And, under existing law, the SEC is not permitted to delegate "on-the-spot" settlement authority to a member of its staff. Moreover, any settlement proposal still could be reviewed and rejected by the full SEC. Therefore, requiring any SEC official to participate in the upcoming settlement conference with "final" settlement authority is not feasible and would impose a substantial legal hardship.

The restrictions on the SEC's enforcement staff are not unique. For that reason, the Advisory Committee for the 1993 Amendment to the Federal Rules of Civil Procedure noted that "in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision-making authority." Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure.

Accordingly, the SEC respectfully requests that the Court permit it to be represented by counsel litigating the case. We will have a substantial role in deciding whether to recommend any particular settlement proposals to the Commissioners, and we are best positioned to discuss settlement terms in this case. The only defense counsel to have made an appearance in this case does not object to the SEC's request.

Respectfully submitted,

Daniel J. Maher (admitted *pro hac vice*)
Duane Thompson (admitted pro hac vice)
Marc E. Johnson (admitted pro hac vice)
Jennie Krasner
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
202-551-4737 (Maher)
202-772-9244 (facsimile)
MaherD@sec.gov
Co-counsel for the SEC

The Honorable Robert W. Sweet
September 14, 2018
Page 3

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on September 14, 2018, a true and correct copy of the *foregoing* was emailed to the following counsel on behalf of his listed client:

Russell D. Duncan, Esq.
Shulman Rogers, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
301-945-9247
rduncan@shulmanrogers.com
*Counsel for Defendant James Panther*

With courtesy copies by email to the following counsel:

Michael R. McPhail, Esq.
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
303-607-3692
Michael.Macphail@FaegreBD.com
*On behalf of Defendant Guillermo Ciupiak*

Michael Bachner
Bachner & Associates, PC
39 Broadway-Suite 1610
New York, NY 10006
212-344-7778
mb@bhlawfirm.com
*On behalf of Defendant Faiyaz Dean*

                                                        /s/   Daniel Maher
                                                          Daniel Maher