UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, and FAIYEZ DEAN, <br><br> Defendants. | § § § § § § § Case No. 1:18-CV-04309-PKC-KHP § § ~~UNDER SEAL~~  *PKC* § § § § |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO STAY**

The United States of America, by and through its undersigned attorneys ("the Government"), respectfully requests that this Court, in the interest of justice, stay the instant proceedings until the conclusion of the criminal matter.

**I.   RELEVANT PROCEDURAL BACKGROUND**

On February 8, 2019, this Court granted the Government's motion to intervene and to stay discovery for a period of three months [Doc. 44]. Since that that time, there has been substantial progress in the criminal investigation, as set forth in greater detail in the accompanying *ex parte* Plowell Declaration (Attached as Exhibit 1). As such, the Government respectfully requests that this Court stay the civil proceedings pending the completion of the parallel criminal action.

**II.   LEGAL STANDARD**

The limited stay requested by the government in this matter should be permitted. It is well-established that courts may "defer [ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). In determining whether to grant a stay, "this Court balances factors

1

such as: (1) the extent to which the criminal case overlaps with the civil case; (2) the status of the case; (3) the SEC's interest in proceeding expeditiously; (4) the burden on defendants; (5) the court's interests; and (6) the public interest." *SEC v. Archer*, 2016 WL 4371303 at *1 (S.D.N.Y. August 1, 2016) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)). No one factor in this analysis is dispositive. *SEC v. Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *4 (E.D.N.Y. July 7, 2017). Here, an analysis of these six steps weighs heavily in favor of allowing the stay requested by the government.

### III. ARGUMENT

<u>The Stay Requested by the Government is Warranted</u>

This Court should grant the stay as doing so will protect the integrity of the ongoing criminal investigation and satisfy the interests of justice.

First, there is substantial overlap of the issues underlying both the civil litigation and the criminal investigation. The SEC complaint alleges that the defendants "engaged in a fraudulent scheme to effect illegal, unregistered sales of and manipulate the market for shares of the micro-cap company Biozoom, Inc." [Doc. 4 ¶ 1]. These factual claims are similar to the issues currently under investigation by the government, as set forth in the previously filed *ex parte* Pascucci Declaration (Attached as Exhibit 2). The question of overlap is one of the most important factors in determining whether a stay is appropriate, *see Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *1; *SEC v. Shkreli*, 2016 WL 1122029, at *4 (E.D.N.Y. March 22, 2016), and weighs heavily in favor of allowing the limited stay sought by the government here, *see Parker v. Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) ("[B]ecause the wrongful conduct alleged in the civil actions is a subset of that alleged in the criminal action, this factor strongly weighs in favor of granting a stay.").

Second, the status of the criminal investigation also favors a stay. *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) (citation omitted); and *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." (citations omitted)).

With respect to the third and fourth factors, the parties in the civil litigation will not be unduly burdened by a stay. *See Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *5; *Shkreli*, 2016 WL 1122029, at *5. In particular, because resolution of the criminal proceedings may streamline civil litigation due to the significant overlap in the proceedings. Likewise, the defendants will likely benefit from the stay, as the civil discovery process poses the risk of undermining a defendant's Fifth Amendment privilege against self-incrimination. *See Rosenthal v. Giuliani*, 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001).

Fifth, the interests of the Court also support issuing a stay in this matter. The factual circumstances and legal questions underlying the instant civil matter are complex, and allowing the stay will promote judicial efficiency. *See Dawson*, 2007 WL 2462677, at *6 ("[A]lthough a stay pending resolution of the criminal action may result in an immediate delay in the progress of civil actions, it is likely that the resolution of the criminal action will, ultimately, further this Court's interest in the efficient disposition of the civil actions."). Indeed, staying the matter, will prevent the Court from needing to resolve complex discovery disputes, for example, as the same time that potential criminal litigation is pending, which will help to avoid the duplication of efforts required by having two courts working on parallel matters. *See Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *6.

Finally, the public interest strongly favors a stay. The integrity of the criminal investigation could be jeopardized by allowing the civil litigation to proceed. *See Giuliani*, 2001 WL 121944, at *2 ("The public has an interest in ensuring the criminal discovery process is not subverted. Denying a stay may undermine a defendant's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond its limit, and expose the basis of the defense to the prosecution in advance of trial." (internal citations omitted)); *see also Bd. Of Governors of the Federal Reserve v. Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial."). For example, the government has identified numerous witnesses it would expect to call were the criminal matter to proceed to trial, and allowing discovery to proceed risks preemptively disclosing those witnesses to the defendants. *Archer*, 2017 WL 4371303 at *2 ("[T]he public has a legitimate interest in preserving the integrity and security of . . . witnesses."). Indeed, "the public's interest in the effective enforcement of the criminal law is the paramount public concern." *Shkreli*, 2016 WL 1122029, at *7.

## IV. CONCLUSION

For the foregoing reasons, including those set forth in the Plowell Declaration, the government's motion to stay should be granted. As requested in the government's motion and because of the sensitive and nonpublic information contained in the government's moving papers, the government's Notice of Motion, Motion to Stay, this memorandum of law, and the

accompanying proposed form of order should be filed under seal, and the accompanying declaration of Tracee Plowell should be maintained as an *ex parte* and under seal submission.

                                              Respectfully submitted,

                                              ROBERT ZINK
                                              Acting Chief, Fraud Section

BY: _____
                          Tracee Plowell, Assistant Chief
                          Michelle Pascucci, Trial Attorney
                          Criminal Division, Fraud Section
                          United States Department of Justice
                          1400 New York Avenue NW
                          Washington, DC 20005
                          Tel: (202) 616-1668
                          Fax: (202) 514-0152