UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>FRANCISCO ABELLAN VILLENA, et al.<br><br>   Defendants. | Case No. 18-cv-4309 (RWS) |

**DECLARATION OF JENNIE KRASNER
IN SUPPORT OF REQUEST TO ENTER DEFAULT**

JENNIE KRASNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over eighteen years of age, and I am employed as Senior Counsel in the Division of Enforcement of the Securities and Exchange Commission ("Commission"). I serve as co-counsel to the Commission in the above-captioned litigation. I am making this declaration in support of the Commission's request that the Court enter a default judgment against Defendant Faiyaz Dean ("Dean") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Local Civil Rule 55.2(b) and the Court's Individual Rule of Practice on default judgments. I make these statements based upon my personal knowledge, information and belief.

2. The Complaint in this case was filed on May 15, 2018 (Doc. #4). The Complaint alleges that Dean engaged in a variety of deceptive conduct, with scienter, to further a scheme to manipulate the price of Biozoom stock. The Complaint also alleges that Dean facilitated the sale of shares of Biozoom stock in an unregistered distribution for which no exemption from registration was available. As explained further in the SEC's Memorandum in support of its Motion for Default ("Memorandum"), filed herewith, Dean laid much of the groundwork so that his co-Defendants

could engage in manipulative trading, ultimately resulting in illicit profits of approximately $34 million.

3. Because Dean's conduct violated Sections 5 and 17(a) of the Securities Act, 15 U.S.C. §§ 77e, 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), the Court has subject matter jurisdiction over this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4. Courts may exercise personal jurisdiction "where conduct – or the effects of that conduct – take place in the forum State and are therefore subject to the State's regulation." *SEC v. PlexCorps*, No. 17-cv-7007, 2018 WL 4299983, *8 (E.D.N.Y. Aug. 9, 2018) (citation and quotation omitted). Further, "[u]nder the securities statutes at issue, the Court should consider the defendant's contacts throughout the United States and not just those contacts with New York." *Id.* (citation and quotation omitted); *see also SEC v. Straub*, No. 11-cv-9645, 2016 WL 5793398, *6 (S.D.N.Y. Sept. 30, 2016) ("Because the Exchange Act extends personal jurisdiction to the limits of the Fifth Amendment's due process clause, it is not the State of New York but the United States which would exercise its jurisdiction over Defendants here.") (citations and quotation omitted). Finally, once minimum contacts is established, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Straub*, 2016 WL 5793398 at *8 (citations and quotation omitted). Importantly, where a defendant "purposefully has directed his activities at forum residents," jurisdiction is almost always reasonable – especially where, as here, the case is brought under federal law allowing for nationwide service of process. *Id.* at *9 (citations omitted).

5. Here, Dean had both continuous and case-specific contacts with the United States. As described in more detail in the Complaint and the SEC's Memorandum in support of this

Motion, Dean was a member of the Washington state bar and maintained an address there. He advertised his expertise in taking companies public under the United States securities laws. He facilitated an unregistered distribution of stock and knowingly engaged in a variety of deceptive conduct in furtherance of a scheme to manipulate the stock of a company trading in United States securities markets, including assisting with the opening of nominee accounts at multiple United States brokerage firms. In particular, he played an instrumental role in opening multiple accounts in the names of nominees, and depositing shares of Biozoom stock, at a broker-dealer located in Manhattan, New York. He also arranged for opinion letters from an Illinois-based attorney used in connection with the deposit of Biozoom stock. In short, Dean availed himself of both the United States and its securities markets and engaged in conduct that would obviously have an effect in the United States. *See, e.g., PlexCorps*, 2018 WL 4299983 at *19 (finding personal jurisdiction in part because "the totality portrays a compelling picture of direct involvement with the United States, and of purposeful creation of effects in the United States"). Nor is there anything about his conduct that would make it unfair or reasonable for the Court to exercise personal jurisdiction. *Id.* at *19-20 (citing authority for the principle that few courts "have ever declined jurisdiction, on fairness grounds, in securities cases") (citations and quotations omitted).

6. On May 16, 2018, the Clerk of Court issued a 21-Day Summons to the Defendants, including Dean. (Doc. #7). On July 3, 2018, Plaintiff filed a proof of service attesting that service of process was made on Dean's registered agent for the service of process in the State of Washington on May 18, 2018. (Doc. 17-1). Also on July 3, 2018, Plaintiff filed a proof of service attesting that service of process was made on Dean personally in Canada on June 16, 2018. (Doc. 17).

7. Pursuant to Fed. R. Civ. P. 12, the deadline for Dean to plead or otherwise respond

to the Complaint, based on service in Canada on June 16, 2018, was no later than July 10, 2018. The docket in this case reflects that Dean did not file a responsive pleading by July 10, 2018, or any other time prior to the filing of the present Request to Enter Default.

8. As a result, the SEC sought a clerk's default. (Doc. #27). The Clerk entered a default against Dean on November 19, 2018. (Doc. #32).

9. Dean is not an infant, incompetent or in the U.S. military.

I declare under penalty of perjury that the foregoing is true and correct

Executed on November 25, 2019
Washington, D.C.

_____
Jennie Krasner