

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Daniel J. Maher
Assistant Chief Litigation Counsel
Division of Enforcement
Tel: (202) 551-4736
MaherD@sec.gov

February 22, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
The Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *SEC v. Abellan, et al.,* No. 18-cv-04309

Dear Judge Castel:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this pre-motion letter, pursuant to section 3.A of the Court's Individual Practices, for its Motion for Summary Judgment against Defendant James B. Panther, Jr. (the "Motion"). For the reasons set forth below, the SEC seeks permission to file the Motion and bring this long-running case to a conclusion. The basis for the Motion is the doctrine of collateral estoppel, arising from Panther's guilty plea in a parallel criminal proceeding.

The SEC has alleged that Panther was a key participant in a fraudulent market manipulation scheme. Among other deceptive acts, Panther arranged for Defendants to open, and trade in, nominee brokerage accounts in the U.S., and planned and helped direct a promotional campaign intended to artificially inflate the price of Biozoom's stock. Panther has pled guilty in a parallel criminal proceeding to precisely this conduct. In April 2019, the Department of Justice ("DOJ") brought charges against Panther and his co-Defendants based on the same conduct described in the SEC's Complaint. *U.S. v. Abellan, et al.,* No. CR-19-00448 (D. Ariz.). On May 22, 2023, Panther pled guilty to one count of "conspiracy to commit securities fraud and wire fraud . . . in violation of 18 U.S.C. § 1349." The conspiracy involved deceptive acts that violated 18 U.S.C. §§ 1343 (wire fraud) and 1348 (securities fraud). The admissions set forth in Panther's Plea Agreement mirror the allegations in the SEC's Complaint.

Hon. P. Kevin Castel
February 22, 2024

  Because Panther has thus admitted that he engaged in the unlawful conduct described in the Complaint, and because Panther is collaterally estopped from re-litigating those issues in this case, there can be no genuine dispute of material fact. *SEC v. Mattera*, No. 11-cv-8323, 2013 WL 6485949, at 85 (S.D.N.Y. Dec. 9, 2013) (Castel, J.) (explaining that collateral estoppel is appropriate in cases "involv[ing] claims by the government for civil remedies based on the same transaction that gave rise to the conviction"). Collateral estoppel applies here even though the SEC's claims do not arise under precisely "the same statutory provisions under which a party was convicted." *SEC v. Amerindo Inv. Advisors, Inc.,* No. 05-cv-5231, 2013 WL 1385013, at *3 (S.D.N.Y. March 11, 2013).

  In the Motion, the SEC will also seek a permanent injunction, a penny stock bar, and a third-tier penalty against Panther. Courts have consistently recognized that such relief is appropriate for defendants who have participated in a fraudulent scheme. *SEC v. Alpine Secur. Corp.,* No. 17-cv-4179, 2019 WL 4393027, *13 (S.D.N.Y. Sept. 12, 2019) (explaining that courts have discretion to enter a permanent injunction and setting forth factors to consider); *SEC v. Jean-Pierre*, No. 12-cv-8886, 2015 WL 1054905, at *12 (S.D.N.Y. March 9, 2015) (listing factors to consider in deciding whether to impose a penny stock bar); *SEC v. Razmilovic*, 738 F.3d 14, 38 (2d Cir. 2013) (discussing the requirements for imposing a third-tier penalty).

  Finally, based on discussions last year with Panther's counsel in the parallel criminal matter, the SEC believes it is unlikely that Panther will oppose the Motion. (Panther is not currently represented in this matter.) Nonetheless, as required by the Court, the SEC proposes the following briefing schedule:

- SEC will file its Motion as soon as the Court permits;
- Panther has 45 days to respond;
- The SEC has 7 days to reply.

  Respectfully submitted,

/s/ *Daniel J. Maher*
Daniel J. Maher (admitted *pro hac vice*)
Duane K. Thompson (admitted *pro hac vice*)
Jennie B. Krasner
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
202-551-4737
MaherD@sec.gov
Counsel for Plaintiff

Hon. P. Kevin Castel
February 22, 2024

## CERTIFICATE OF SERVICE

I certify that on February 22, 2024, I caused the foregoing to be filed on ECF and to be sent by email to the following.

*Counsel for Defendant James Panther in his Criminal Case*

Andrea Tazioli
NCP Lawyers
3200 North Central Avenue
Suite 2550
Phoenix, AZ 85012
Andrea@ncplawyers.com

*Please note that while Ms. Tazioli has agreed to accept papers from the SEC on Panther's behalf, she has not made an appearance in this matter, and does not intend to.*

Defendant Guillermo Ciupiak
*At his personal email address*

        /s/ Daniel J. Maher
        Co-Counsel for the SEC