UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, JR., and FAIYAZ DEAN<br><br>　　　　　　　　Defendants. | Civil Action No. 18-cv-4309 (PKC) |

**PLAINTIFF'S CONSENT MOTION FOR FINAL ENTRY OF FINAL JUDGMENT**

　　Plaintiff Securities and Exchange Commission ("SEC"), with the consent of defendant Guillermo Ciupiak, respectfully moves for entry of Final Judgment against Ciupiak. In support of this motion, the SEC states the following:

　　1. The SEC and Ciupiak previously entered into a settlement regarding Ciupiak's liability. (ECF No. 43). In connection with that settlement, the Court entered judgment on Ciupiak's liability, imposed a preliminary injunction barring Ciupiak from future violations of the securities laws, and ordered that Ciupiak's financial remedies would be determined upon a later motion by the SEC. (ECF No. 45 at §§ II – V).

　　2. The SEC now moves the Court to enter Final Judgment against Ciupiak and, in light of his substantial cooperation in this matter, impose no penalty on Ciupiak. In addition, for the same reasons the SEC set forth in its Motion for Final Judgment against Defendant Franciscio Abellan Villena, ECF No. 87 at 11-12, the SEC does not (and cannot) seek any disgorgement or prejudgment interest from Ciupiak.

　　3. Attached hereto as Exhibit 1 is the signed Consent of Guillermo Ciupiak, setting forth

Ciupiak's agreement to the entry of Final Judgment.

4. Attached hereto as Exhibit 2 is a proposed Final Judgment against Ciupiak.

Respectfully submitted,

Dated: February 22, 2024

/s/ *Daniel J. Maher*
Daniel J. Maher (admitted *pro hac vice*)
Duane K. Thompson (admitted *pro hac vice*)
Jennie B. Krasner
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
202-551-4737 (Maher)
maherd@sec.gov
Counsel for Plaintiff

# EXHIBIT 1

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, JR., and FAIYAZ DEAN<br><br>    Defendants. | Civil Action No. 18-cv-4309 (PKC) |

**CONSENT OF DEFENDANT GUILLERMO CIUPIAK**

1. Defendant Guillermo Ciupiak ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the Complaint in this action. Specifically, in *United States v. Ciupiak*, No. CR-19-342 (D. Ariz.), Defendant pleaded guilty to violations of 18 U.S.C. § 371, conspiracy to commit securities fraud. This consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Ciupiak*.

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, sets forth that Ciupiak will pay no disgorgement or penalty.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth herein.

8.  Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (ii) will accept service by mail or electronic mail transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _____

_____
Guillermo Ciupiak

On _____, 2023, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public Commission expires:





2/2023

HL8990999

Yo, PABLO PLEGUEZUELOS MERINO, Notario del Ilustre Colegio de Catalunya, con residencia en Barcelona.

DOY FE: Que legitimo la firma que antecede de DON GUILLERMO FEDERICO CIUPIAK con número de PASAPORTE ARGENTINO AAC026675 por haber sido puestas en mi presencia.

Barcelona uno de febrero de dos mil veinticuatro



Este testimonio consta en mi libro indicador con el nº ........ 100

# EXHIBIT 2

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>            Plaintiff,<br><br>    v.<br><br>**FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, JR., and FAIYAZ DEAN**<br>            Defendants. | **Civil Action No. 18-cv-4309 (PKC)** |

# FINAL JUDGMENT AS TO DEFENDANT GUILLERMO CIUPIAK

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Guillermo Ciupiak ("Ciupiak") having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment, waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and

The Court having previously entered judgment against Ciupiak on February 13, 2019, and having imposed injunctive relief pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], and Section 5 of the Securities Act [15 U.S.C. § 77e], while ordering that monetary remedies would be determined upon motion of the Commission:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e], unless a registration statement is in effect as to a security, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], Defendant is permanently barred from

participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

### V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Guillermo Ciupiak, in light of the SEC's representation that he provided substantial cooperation, shall pay no penalty. Ciupiak shall also pay no disgorgement or prejudgment interest.

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice. Motion ECF 113 is GRANTED and terminated.

Dated: March 8, 2024

_____
P. Kevin Castel
United States District Judge