UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, JR., and FAIYAZ DEAN<br><br>　　　　　　　　Defendants. | Civil Action No. 18-cv-4309 (PKC) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR FINAL JUDGMENT AGAINST DEFENDANT JAMES B. PANTHER, JR.**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Rule 3 of the Court's Individual Practices, Plaintiff Securities and Exchange Commission ("SEC") hereby respectfully moves for entry of summary judgment on liability for all claims against Defendant James B. Panther, Jr.

The SEC has alleged that Panther was a key participant in a fraudulent market manipulation scheme.  Among other deceptive acts, Panther arranged for Defendants to open, and trade in, nominee brokerage accounts in the U.S., and planned and helped direct a promotional campaign intended to artificially inflate the price of Biozoom's stock.  This conduct violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5(a) and (c) thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 5 and 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e and 77q(a)(1) and (3).  In this Motion, the SEC will seek summary judgment on Panther's liability, as well as a permanent injunction, a penny stock bar, and a civil penalty against Panther.

Panther has pled guilty in a parallel criminal proceeding to the same conduct described in the SEC's Complaint.  In April 2019, the Department of Justice ("DOJ") brought charges against

Panther and his co-Defendants based on the same conduct described in the SEC's Complaint. *U.S. v. Abellan, et al.,* No. CR-19-00448 (D. Ariz.). On May 22, 2023, Panther pled guilty to one count of "conspiracy to commit securities fraud and wire fraud . . . in violation of 18 U.S.C. § 1349." The conspiracy involved deceptive acts that violated 18 U.S.C. §§ 1343 (wire fraud) and 1348 (securities fraud). The admissions set forth in Panther's Plea Agreement mirror the allegations in the SEC's Complaint. Because Panther has thus admitted that he engaged in the unlawful conduct described in the Complaint, and because Panther is collaterally estopped from re-litigating those issues in this case, there can be no genuine dispute of material fact.

Pursuant to Local Rule 56.1, the factual and legal bases for this Motion are set forth in the SEC's supporting memorandum of law and its statement of undisputed material facts, filed herewith.

Date:   March 20, 2024              \_\_/s/ Daniel Maher
                                    Daniel Maher (*admitted pro hac vice*)
                                    Duane Thompson (*admitted pro hac vice*)
                                    Jennie Krasner
                                    Securities and Exchange Commission
                                    100 F Street, NE
                                    Washington, D.C. 20549
                                    Tel: (202) 551-4737 (Maher)
                                    Email: maherd@sec.gov


**CERTIFICATE OF SERVICE**

I certify that on March 20, 2024, I caused the foregoing to be filed on ECF and to be sent by email to the following.

*Counsel for Defendant James Panther in his Criminal Case*

Andrea Tazioli
NCP Lawyers
3200 North Central Avenue
Suite 2550

2

Phoenix, AZ 85012
Andrea@ncplawyers.com

*Please note that while Ms. Tazioli has agreed to accept papers from the SEC on Panther's behalf, she has not made an appearance in this matter, and does not intend to.*

Guillermo Ciupiak
At his personal email address

/s/ Daniel J. Maher
Co-Counsel for the SEC