**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

James B. Panther, Jr., et al., Defendant,

v.

Case No.: 18-cv-04309

Securities and Exchange Commission, Plaintiff.

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING LEAVE TO PROCEED WITH MOTION FOR SUMMARY JUDGMENT DUE TO IMPROPER SERVICE AND PENDING LEGAL SUPPORT**

**INTRODUCTION**

> [Handwritten annotation:] The Court has considered the motion to reconsider filed by James B. Panther. A motion to reconsider does not stay the time to respond to plaintiff's summary judgment motion filed March 20, 2024. This action was filed on May 15, 2018, six years ago. The balance of potential prejudice tilts strongly in favor of plaintiff. Any response [by defendant to the summary judgment motion] will be deemed untimely if filed more than 21 days from the date of this Order. Any reply is due 14 days after the filing of a response. Motion (ECF 123) is DENIED. Plaintiff shall serve this Order on defendant by mail or email.
>
> SO ORDERED.
> [signature] USDJ
> 6-10-24

James B. Panther, Jr. ("Defendant"), respectfully submits this Motion for Reconsideration of the Court's order, which granted the Securities and Exchange Commission ("SEC") leave to proceed with a motion for summary judgment against the Defendant. This motion is premised on new evidence of improper service of the motion on the Defendant and time to seek affordable legal counsel or pro bono legal support, alongside the ongoing related criminal matter which could have direct implications on the penalties sought and the judgment in this civil litigation.

In the matter at hand, the SEC seeks a motion for summary judgment in a civil case against an individual who has already been criminally convicted, subjected to penalties, restitution, oversight, and probation. We contend that this motion for summary judgment is premature and unnecessary, as the penalties and restrictions imposed in the criminal case maybe sufficient to serve as both a deterrent and punishment. Additionally, it would not be prejudicial to defer the civil proceedings until the resolution of the criminal hearing for penalties and restitution.

**PENDING HEARING FOR PENALTIES AND RESTITUTION**

During Mr. Panther's sentencing hearing, the Government informed the court of their intention to seek further penalties and restitution of $3 million, pending efforts to repatriate frozen funds.

The Financial Industry Regulatory Authority (FINRA) reported a loss of $16,358,85. A recent stipulation and joint motion filed by the Government indicate that a hearing on the matter has been moved from May 2024 to September 12, 2024, due to ongoing efforts to repatriate funds.

The Department of Justice believes there may be a potential for full recovery of funds, which would significantly affect the financial restitution and intends at that time to determine further penalties in addition to Defendants sentencing.

**EXCERPTS FROM SENTENCING HEARING**

Honorable Judge Douglas Reyes made several key observations during Mr. Panther's sentencing hearing:

1. "The defendant [James Panther, Jr.] had no agreement to receive profits from the scheme. He wasn't like someone in the middle of the scheme expecting to receive a lot of money. There was no agreement where he'd receive anything, according to the scheme they had."

2. "When he [James Panther, Jr.] was hired, there is no evidence he was aware of Abellan's plan to commit these fraudulent actions. The only money he received was approximately $40,000 for his actual work as a consultant on the reverse merger."

3. "It's unusual to see that much money recovered in a case. Most of the times, the victims get virtually nothing. These victims, even though they did have loss, have recovered a good portion of it."

Mr. Panther acknowledges the seriousness of his offense and expresses deep remorse for his actions.

**BACKGROUND ON DEFENDANT**

Mr. Panther is a fifty-one-year-old devout son, caretaker, brother, father and sole caretaker of two young children. He has devoted his entire life to supporting his family. Over a decade ago in 2012 and 2013, during a particularly difficult period in his personal and professional life, Mr. Panther was introduced by licensed attorneys to his co-defendants, Francisco Abellan and Faiyaz Dean, Esq. Mr. Panther engaged in criminal conduct by conspiring with Mr. Abellan and Mr. Dean to commit securities fraud and wire fraud. Although Mr. Panther was not the mastermind of the scheme and did not arrange to receive proceeds from it, he acknowledges his involvement when he identified red flags and his part in the conspiracy.

Mr. Panther deeply regrets his involvement and the impact of his actions on his family. Despite his conviction, Mr. Panther has made significant efforts to rehabilitate himself and has been under court supervision for six (6) years without incident and was the only Defendant to appear in the matter. He continues to strive to be a contributing member of society and to provide for his family.

**ARGUMENTS**

1. **Improper Service of Motion:** The Defendant has discovered that the service of the motion for summary judgment was improperly executed, violating the Federal Rules of Civil Procedure and infringing upon the Defendant's rights to due process and a fair opportunity to respond.

2. **Pending Legal Support:** The Defendant's request for pro bono legal representation from the New York clinic demonstrates an active effort to mount a defense against the Plaintiff's claims. Proceeding with the motion for summary judgment without allowing the Defendant the necessary time to secure legal representation would undermine the fairness of these proceedings.

3. **Interest of Justice and Judicial Efficiency:** Given the improper service and the Defendant's pending receipt of legal support, a reconsideration of the court's order granting leave for the motion for summary judgment is warranted. A stay of proceedings would ensure that the Defendant is not prejudiced and that the court's final decision is based on full and fair representation of all parties.

4. **No Prejudice in Waiting for Criminal Hearing Resolution**

**Judicial Efficiency:** Allowing the criminal hearing for penalties and restitution to conclude before proceeding with the civil case promotes judicial efficiency. The findings and outcomes of the criminal hearing can provide valuable insights and evidence that may inform the civil proceedings, potentially streamlining the process.

**Avoiding Inconsistent Outcomes:** Proceeding with the civil case before the resolution of the criminal hearing risks the possibility of inconsistent outcomes. Deferring the civil proceedings ensures that the court can consider the full scope of the criminal penalties and restitution, thereby avoiding any contradictory or duplicative judgments.

**No Additional Prejudice to the SEC:** The SEC's primary concern is the enforcement of securities laws and the protection of investors. The existing criminal penalties already address these concerns by penalizing the defendant and preventing future violations. Waiting for the criminal hearing to conclude does not prejudice the SEC's ability to enforce securities laws or protect investors.

5. **The Defendant's Clean Record**

**First-Time Offender:** The defendant has no prior history of securities violations or other criminal conduct. This clean record indicates that the current criminal penalties are likely to be effective in deterring future violations.

**CONCLUSION**

In light of the improper service, pending legal support, and the ongoing related penalty and restitution hearing in the criminal matter, the Defendant respectfully requests that the Court reconsider its previous order granting leave to proceed with the motion for summary judgment. The Defendant seeks a stay of proceedings until proper service is confirmed and legal support is obtained, ensuring the principles of justice and equity are upheld.

**Respectfully submitted,**

/s/ James B. Panther, Jr.
**Defendant**
**Dated: May 31, 2024**

**Attachments:**

1. **Exhibit A:** Court's Order continuing the restitution hearing in your matter to September 12, 2024, at 2:00 p.m.

| | |
|---|---|
| From: | azddb_responses@azd.uscourts.gov |
| To: | azddb_nefs@azd.uscourts.gov |
| Subject: | Activity in Case 2:19-cr-00448-DLR USA v. Abellan et al Order on Motion to Continue |
| Date: | Wednesday, May 8, 2024 2:41:41 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

DISTRICT OF ARIZONA

## Notice of Electronic Filing

The following transaction was entered on 5/8/2024 at 2:40 PM MST and filed on 5/8/2024
**Case Name:**     USA v. Abellan et al
**Case Number:**   2:19-cr-00448-DLR
**Filer:**
**Document Number:** 160(No document attached)

**Docket Text:**
**ORDER granting [159] Fifth Motion to Continue Restitution Hearing as to James B Panther Jr. (2). Restitution Hearing reset for 9/12/2024 at 02:00 PM in Courtroom 606, 401 West Washington Street, Phoenix, AZ 85003 before Judge Douglas L Rayes. Ordered by Judge Douglas L Rayes. (This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.)(RMV)**

**2:19-cr-00448-DLR-2 Notice has been electronically mailed to:**

Andrea Suzanne Tazioli     andrea@ncplawyers.com, docket@ncplawyers.com, monique@ncplawyers.com

Deborah Brittain Shaw     brittain.shaw@usdoj.gov

Lauren A Archer     lauren.archer2@usdoj.gov

**2:19-cr-00448-DLR-2 Notice will be sent by other means to those listed below if they are affected by this filing:**