UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>    v.<br><br>FRANCISCO ABELLAN VILLENA, GUILLERMO CIUPIAK, JAMES B. PANTHER, JR., and FAIYAZ DEAN<br><br>               Defendants. | 18-cv-4309 (PKC)(KHP) |

FINAL JUDGMENT AS TO DEFENDANT JAMES B. PANTHER

       The Securities and Exchange Commission ("SEC") filed a Complaint on May 15, 2018 (ECF 1) against defendant James B. Panther alleging that Panther participated in a fraudulent scheme to profit by engaging in an unlawful distribution and manipulating the price of stock of Biozoom, Inc., in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], and Section 5 of the Securities Act [15 U.S.C. § 77e]. Panther has plead guilty in a related criminal manner in the District of Arizona.

       During the pendency of the SEC's enforcement action, Panther entered a plea of guilty in the District of Arizona to a single count of a conspiracy to commit securities fraud and wire fraud principally in connection with a pump and dump scheme relating to shares of Biozoom, Inc. United States v. Abellan, CR 19-448 PHX-DLR (MHB). (D. Ariz. May 20, 2020). The plea agreement in the criminal case contained a lengthy statement of the factual

basis of Panther's plea of guilty. (ECF 118-4.) The SEC now moves for summary judgment in this action on the basis of issue preclusion based upon the plea of guilty premised upon an admission that parallel the allegations of its civil complaint.

Panther, in his opposition to summary judgment, concedes liability and does not challenge the entry of a permanent injunction against future violations. (ECF 130 at 3.) He disputes the length of the SEC's proposed lifetime penny stock bar and the amount of its proposed civil penalty of $320,000.

The Court has reviewed the summary judgment record in its entirety and finds that based upon issues of issue preclusion and the unchallenged admissions at the plea allocution no reasonable fact finder could fail to fail to find in the SEC's favor. Accordingly, the motion for summary judgment is GRANTED.

The Court, having granted the SEC's motion for summary judgment, considers the appropriate remedies. In doing so, the Court has considered among other factors, his acceptance of responsibility in the criminal case (but not the SEC enforcement action), his age (51) and impaired financial condition and certain matters addressed in sealed submissions. It also considers the factors outlined in SEC v Patel, 61 F. 3d 137, 141 (2d Cir. 1995), specifically "(1) the 'egregiousness' of the underlying securities law violation; (2) the defendant's 'repeat offender' status; (3) the defendant's 'role' or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." Panther does not dispute that the scheme itself was egregious and involved a high degree of scienter and the SEC does not claim that he engaged in a fraudulent scheme other than the one outlined in its Complaint. Panthers' role and stake in the violation was less than other of his fellow perpetrators of the scheme. He was not an architect or

main plain player in the scheme and the degree to which he personally profited was limited.

The Court orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2), Fed. R. Civ. P., the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred for a period of ten (10) years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule

3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)], and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment within 90 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur
> Boulevard Oklahoma City, OK
> 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; James B. Panther as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds

- 7 -

paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

_____
P. Kevin Castel
United States District Judge

Dated: January 24, 2025
       New York, New York